

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LARRY RUMBOUGH
     Plaintiff

CASE NO.

-v-

6:07-cv-1136-ORL-18UAM

EQUIFAX INFORMATION SERVICES LLC,
a Georgia limited liability company,
EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation, and
TRANS UNION LLC,
a Delaware limited liability company
     Defendants

## COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC, a Georgia limited liability company, EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation, and TRANS UNION LLC, a Delaware limited liability company and alleges:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act) and for the common law tort of defamation.

2. The plaintiff contends that the defendants have violated such laws by repeatedly and willfully issuing false consumer credit reports concerning the plaintiff Larry Rumbough, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs

### JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. This is an action for damages which exceed $75,000.00.

6. Plaintiff, Larry Rumbough, is a natural person and is a resident of the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the Fair Credit Reporting Act ("Act").

7. Defendant, EQUIFAX INFORMATION SERVICES LLC, ("EQUIFAX"), is a Georgia limited liability company, authorized to and doing business in Orange County, Florida.

8. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN") is an Ohio corporation, authorized to and doing business in Orange County, Florida.

9. Defendant, TRANS UNION LLC ("TRANS UNION"), is a Delaware limited liability company, authorized to and doing business in Orange County, Florida.

10. Defendants, EQUIFAX, EXPERIAN, and TRANS UNION are consumer reporting agencies (sometimes hereinafter collectively referred to as "Agencies") as defined in 15 U.S.C. §1681(f) of the Act, regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b) of the Act, to third parties for monetary compensation.

11. All conditions precedent to the bringing of this action have been performed, waived or excused.

## COUNT I
## VIOLATION OF 15 U.S.C. §1681(n)
## WILLFULL NON-COMPLIANCE BY EQUIFAX

12. Paragraphs 1 through 11 are realleged as though fully set forth herein.

13. For, at least, two years preceding this suit through the present, EQUIFAX has reported and continues to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff, LARRY RUMBOUGH. This information has consisted of numerous delinquent tradelines and inquiries.

14. EQUIFAX reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information.

15. §1618(n) of the Act provides for liability against a consumer reporting agency that willfully fails to comply with any requirement imposed by the Act.

16. §1681e(b) of the Act provides:

"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

17. §1681i(a) of the Act provides:

"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information....If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

18. §1681i(b) provides:

If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute.  The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute.

19. §1681i(c) provides:

Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof.

20. EQUIFAX violated 15 U.S.C. §1681(n) of the Act by willfully:

a)      failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;

b)      failing to provide all of the information on file, in violation of § 1681(g) of the Act;

c)      failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c) of the Act;

d)      failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a) of the Act;

e)      failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c) of the Act;

f)      failing to properly advise Plaintiff of his ability to make a consumer explanation under the Act;

g)      failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;

h)      failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed,  was re-reported by the credit grantor;

i)      failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;

j)      failing to properly reinvestigate Plaintiff's disputes; and by

k)      concealing from or misrepresenting facts to  Plaintiff regarding his report.

21.  As a direct and proximate result of EQUIFAX's willful violation of the Act, Plaintiff suffered credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against EQUIFAX for actual and punitive damages, attorney's fees and court costs, pursuant to 15 U.S.C. §1681(n).

## COUNT II
## VIOLATION OF 15 U.S.C. §1681(o)
## NEGLIGENT NON-COMPLIANCE BY EQUIFAX

22.  Paragraphs 1 through 11 are realleged as though fully set forth herein.

23-24. *[Plaintiff realleges the information found at ¶¶ 13-14]*

25.  §1618(o) of the Act provides for liability against a consumer reporting agency that negligently fails to comply with any requirement imposed by the Act.

26-30. *[Plaintiff realleges the information found at ¶¶ 15-19]*

31.  EQUIFAX violated 15 U.S.C. §1681(o) of the Act by negligently:
*[Plaintiff realleges the information found at ¶¶ 20(a-k)]*

32.  As a direct and proximate result of EQUIFAX's willful violation of the Act, Plaintiff suffered credit denials, credit delays, inability to apply for credit, financial loss,

loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for
attorney's fees and costs. The losses are either permanent or continuing and Plaintiff will suffer
the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against
EQUIFAX for actual damages, attorney's fees and court costs, pursuant to 15 U.S.C. §1681(o).

## COUNT III
## VIOLATION OF 15 U.S.C. §1681(n)
## WILLFULL NON-COMPLIANCE BY EXPERIAN

33. Paragraphs 1 through 11 are realleged as though fully set forth herein.

34-42. *[The plaintiff realleges the information found at ¶¶ 13-21 against*
*EXPERIAN]*

WHEREFORE, Plaintiff demands judgment for damages against
EXPERIAN for actual and punitive damages, attorney's fees and court costs, pursuant to 15
U.S.C. §1681(n).

## COUNT IV
## VIOLATION OF 15 U.S.C. §1681(o)
## NEGLIGENT NON-COMPLIANCE BY EXPERIAN

43. Paragraphs 1 through 1 are realleged as though fully set forth herein.

44-45. *[The plaintiff realleges the information found at ¶¶ 13-14 against*
*EXPERIAN]*

46. §1618(o) of the Act provides for liability against a consumer reporting
agency that negligently fails to comply with any requirement imposed by the Act.

47-51. *[The plaintiff realleges the information found at ¶¶ 15-19 against*
*EXPERIAN]*

52. EXPERIAN violated 15 U.S.C. §1681(o) of the Act by
negligently: *[The plaintiff realleges the information found at ¶¶ 20(a-k) against EXPERIAN]*

53. As a direct and proximate result of EXPERIAN's willful violation of
the Act, Plaintiff suffered credit denials, credit delays, inability to apply for credit, financial loss,
loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for
attorney's fees and costs. The losses are either permanent or continuing and Plaintiff will suffer
the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against
EXPERIAN for actual damages, attorney's fees and court costs, pursuant to 15 U.S.C. §1681(o).

## COUNT V
## VIOLATION OF 15 U.S.C. §1681(n)
## WILLFULL NON-COMPLIANCE BY TRANS UNION

54. Paragraphs 1 through 11 are realleged as though fully set forth herein.

55-63. *[The plaintiff realleges the information found at ¶¶ 13-21 against TRANS UNION]*

WHEREFORE, Plaintiff demands judgment for damages against TRANSUNION for actual and punitive damages, attorney's fees and court costs, pursuant to 15 U.S.C. §1681(n).

## COUNT VI
## VIOLATION OF 15 U.S.C. §1681(o)
## NEGLIGENT NON-COMPLIANCE BY TRANS UNION

64. Paragraphs 1 through 11 are realleged as though fully set forth herein.

65-66. *[The plaintiff realleges the information found at ¶¶ 13-14 against TRANS UNION]*

67. §1618(o) of the Act provides for liability against a consumer reporting agency that negligently fails to comply with any requirement imposed by the Act.

68-72. *[The plaintiff realleges the information found at ¶¶ 15-19 against TRANS UNION]*

73. TRANS UNION violated 15 U.S.C. §1618(o) of the Act by negligently: *[The plaintiff realleges the information found at ¶¶ 20(a-k) against TRANS UNION]*

74. As a direct and proximate result of TRANS UNION's willful violation of the Act, Plaintiff suffered credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against TRANS UNION for actual damages, attorney's fees and court costs, pursuant to 15 U.S.C. §1681(o).

## COUNT VII
## INJUNCTIVE RELIEF SOUGHT

75. Information contained in Plaintiff's credit files is inaccurate, misleading, and/or unverifiable.

76. Without permanent removal of such inaccurate, misleading, and/or unverifiable information, there is no remedy at law for Plaintiff.

77. Plaintiff's damages are irreparable unless all inaccurate, misleading, and/or unverifiable information is permanently removed.

78. Injunctive relief is provided by 15 U.S.C §1681.

WHEREFORE, Plaintiff demands that the Court, mandatorily, enjoin Defendants to permanently delete any derogatory information on Plaintiff's credit reports that are inaccurate, misleading, and/or unverifiable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 10, 2007

Respectfully submitted,

Larry Rumbough
321-331-1859
840 Lilac Trace Lane
Orlando, FL 32828